UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARWIN M. SMITH, | ) | CASE NO. 1:08 CV 504 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ASHTABULA CITY POLICE DEPT, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On February 28, 2008, pro se plaintiff Marwin M. Smith filed this action under 42 U.S.C. § 1983 against the Ashtabula City Police Department, Detective Alan J. Altonen, Sergeant John H. Koski, Sergeant Dennis R. Dibbler, and Patrolman David C. Palinkas. In the complaint, plaintiff asserts a number of claims in connection with his arrest and prosecution on drug charges. He seeks "10.5 million dollars." (Compl. at 1.) Mr. Smith also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Smith alleges that his daughter telephoned Ashtabula City Police on June 15, 2007 to report that he was selling drugs from the back of the house owned by Mr. Smith's father, who is also named Marwin Smith ("the owner"). Sergeant Koski and Patrolman Palinkas arrived on the scene and were told by the owner of the property that the plaintiff Mr. Smith was in the

garage. The officer approached the garage and asked Mr. Smith if he had any drugs or weapons. Mr. Smith denied their presence. The officers indicated that the owner had given them permission to search the garage, but Mr. Smith refused them access. He states, "it is not usual when a person has drugs to give [police] permission to search." (Compl. at 2.) Mr. Smith demanded that the officers leave, but they continued with their search which yielded the discovery of drugs and $16,000.00 in cash. The cash, a computer and a cell phone were all confiscated as evidence and Mr. Smith was arrested. He asserts claims for fraud, false arrest, trespass, and armed robbery as a result of the taking of the cell phone, computer and money.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

A person convicted of a crime may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence,

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Smith entered a guilty plea to charges of trafficking in cocaine within the vicinity of a school with forfeiture specifications, possession of cocaine with a forfeiture specification, and possession of criminal tools. He was sentenced to two years probation, suspension of his driver's license, and $ 350.00 fine. See State of Ohio v. Smith, Case No. 2007 CR 312 (Ashtabula Ct. Comm. Pl. indictment filed Aug. 28, 2007.) Mr. Smith does not allege that this conviction has been declared invalid by either an Ohio state court or a federal habeas corpus decision. Because his claims directly challenge the validity of his conviction, they must be dismissed.

## Conclusion

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: May 6, 2008         *s/    James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.